No. 4608.

Court of Appeal, Parish of Orleans.

ALEX S. SWANSON VS. CHARLES E. MACKIE AND RAYMOND J. WEISS.

When a partnership is conducted in the name of one of the partners, and the lease for the building in which the business is conducted is signed by that partner alone, ana before the expiration of the lease the partnership is liquidated, the partner signing the lease being succeeded in the business by the other, the lessor being shown to have had knowledge of the existence of said partnership. HELD: The lessor's attempt to have such lease cancelled on the ground that the partner signing the lease had sub-let the premises without notice to him in violation of the terms of the contract of lease, cannot be maintained, for the reason that the stipulation in the lease referring to the subletting of the building could have reference to third persons alone, and not to one of he partners who was as much the lessee as the other, and bound in solido for the rental.

Appeal from Civil District Court Division "C."

A. D. Danziger, for Plaintiff and Appellant.

Dinkelspiel, Hart & Davey, for Defendant and Appellee.

ESTOPINAL, J. This was a rule sued out by plaintiff, Swanson, against Charles E. Mackie and Raymond J. Weiss, for cancellation of the lease and possession of the premises designated as Numbers 5727 and 5729 Magazine Street in this city, plaintiff alleging a violation of the terms of the lease by Charles E. Mackie the person signing it, in subletting said premises to one Raymond J. Weiss without plaintiff's knowledge or consent. A further violation of the terms of the lease by Mackie, plaintiff avers, was his failure to pay the rent for the month of August, 1908. Under the specific terms of the lease, plaintiff claims the right of cancelling the lease, etc.·

The answer of defendant Weiss avers that at the time of the contract of lease was entered into and signed by Mackie and plaintiff, he and Mackie were partners in the business of grocery and bar-room conducted in said leased premises, and that the existence of this partnership was known to Swanson. Defendant avers that he was ready and willing to pay the rent as it became due and did tender the rental for the month of August, 1908, to plaintiff, who refused to accept it.

Judgment was rendered below for defendant and the plaintiff has appealed.

The *gravamen* of plaintiff's complaint is that Mackie, in violation of the terms of the contract of lease, had sub-let the leased property to Weiss without his (plaintiff's) consent.

Weiss comes in and avers there has been no sublease but, that to the knowledge of plaintiff he holds and retains possession of the premises by virtue of his co-partnership with Mackie at the time the lease was made and signed and as the successor to such partnership.

It may not be doubted that the stipulation in the lease in reference to the subleasing of the property could only refer to third persons and by no manner of means to a partner in the business who, as such, was as much the lessor as the retiring partner and as fully responsible for the rental and other conditions under the lease.

The question here, therefore, is one of fact; did a partnership exist between Mackie and Weiss for the conduct of a business at the time the lease was signed by plaintiff and Mackie, and did plaintiff have knowledge of the existence of such partnership?

We have carefully examined the record and find both conditions to be affirmatively established.

The act of co-partnership between Mackie and Weiss is in the record and the testimony of. Charles Weiss, a large and responsible merchant, father of Raymond J. Weiss, who appears as surety on the lease between plaintiff and Mackie, and testifies that during the negotiations preceding and after the lease was signed he informed Swanson, plaintiff, that his son Raymond Weiss would be interested in the business. In this the father is corroborated by two other witnesses who overheard the conversation between him and Swanson.

The testimony of the plaintiff himself if not evasive, certainly does not carry conviction. During his examination as a witness he stated that the fact was he wanted his property and did not care to continue the lease at all, not even to Mackie, giving as a reason that he had an offer to buy and wished to sell.

We do not think that the agreement for the dissolution of the partnership which provided that the purchaser of the busi-

ness should secure the consent of the lessee to transfer the lease had in contemplation the purchase of said business by either of the parties, but was intended to apply to a third person who might become the purchaser.

Plaintiff refers us to the case of Geheeve vs. Stauby, 1 An. p. 17, as decisive of the question as to whether after dissolution of the partnership the defendant could not renew the lease on account of the partnership. The decision in the case supra does not affect this case. In that case no transfer was shown as in the instant case and in that there was a question of renewal of the lease, a question not involved in the case at bar.

We are of opinion that the judgment appealed from is correct and should be affirmed.

Judgment affirmed.